UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DONALD LESLIE "SAM" GALBREATH § | |
| § | CIVIL ACTION NO. B-00-048 |
| *versus* § | |
| § | ADMIRALTY / JURY DEMANDED |
| PROMAR INC., *Individually & d/b/a* § | |
| *COASTAL PRODUCTION SERVICES* § | |

# PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DONALD LESLIE "SAM" GALBREATH, hereinafter identified as "Plaintiff," and makes and files this his First Amended Original Complaint, complaining of PROMAR INC. *Individually and d/b/a COASTAL PRODUCTION SERVICES*, hereinafter identified by name or described as "Defendant," and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

A.  Plaintiff, "SAM" GALBREATH, is an individual residing in Rockport, Texas.

B.  Defendant, PROMAR INC. *Individually and d/b/a COASTAL PRODUCTION SERVICES* has appeared and answered herein. No service is necessary at this time.

## II.
## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the following:

A.  Art. III, §2 of the United States Constitution (i.e., "all cases of admiralty and maritime

1



jurisdiction");

B. 28 U.S.C. §1331 (i.e., "all civil actions arising under the Constitution, laws");

C. 28 U.S.C. §1333(1) (i.e., "any civil case of admiralty or maritime jurisdiction");

D. 28 U.S.C. §1916 (action by seaman, without pre-payment of costs, under the Judicial Code);

E. 46 U.S.C. §688, *et seq.* (a.k.a., the "Jones Act"); and,

F. 28 U.S.C. §1367 ("supplemental jurisdiction"). See also, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir.1990).

### III.
### VENUE

A. Plaintiff and Defendant are citizens and residents of the State of Texas and, more particularly, of the federal judicial district known as the Southern District of Texas.

B. Pursuant to 28 U.S.C. §1391, venue is proper in the Brownsville Division of the Southern District of Texas.

### IV.
### OPERATIVE FACTS

A. On or about mid-April, 1997, Plaintiff was aboard the M/V "F.M. BROWN" and/or the M/V "LADY BECKY" (hereinafter, the "vessels") in the course and scope of his employment by and for the vessels and their legal owner and operator, Defendant herein, having previously been engaged by contract of employment to serve as a deckhand for Defendants' fleet of vessels. [NOTE: Plaintiff's employment required him to work aboard each vessel for a few days, and then transfer to the other vessel.]

B. On such date, while in the course and scope of his employment by and for the vessels and their owner/operator, and through the negligence of Defendant, its agents, servants, employees,

2

representatives, or others for whom such Defendant was and is legally responsible, and/or the unseaworthiness of the vessels, Plaintiff sustained injuries to his neck, back, right shoulder and right arm as a result of his pulling and/or lifting the heavy, awkward, inadequately equipped, and poorly functioning hatch covers leading to the engine room of one of the vessels identified. [NOTE: The hatch covers of these two vessels were identical in their function and characteristics, including but not limited to their size, weight, and lack of appropriate equipment to facilitate their safe movement to the open or closed positions.]

C.     At or about this same time, Plaintiff also slipped and fell as he stepped down into the engine room of the M/V "F.M. BROWN," which additional incident contributed to and/or aggravated the aforementioned injuries. This subsequent incident was caused by the lack of appropriate devices for entering and departing the engine room (i.e., the crew, including Plaintiff, had to step on top of the engine and thence to an oil can to get into the engine compartment as there was no ladder or stairs available).

D.     As a result of the aforesaid acts and/or omissions of Defendant, either singularly or in combination with one another, Plaintiff was caused to sustain serious and disabling injuries to his mind and body.

## V.
## CAUSES OF ACTION

A.     For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this First Amended Original Complaint, as well as any additional facts which may be presented in any paragraph hereunder.

B.     **"JONES ACT" NEGLIGENCE**

    1.     As a seaman and member of the crew of the vessels in question, Plaintiff was within

that class of persons protected by 46 U.S.C.A. §688, *et seq.*, known as the "Jones Act," which is cumulative of and supplemental to the General Maritime Law of the United States, the protection of which Plaintiff enjoys simply by virtue of his status as a seaman attached to and in the service of an identifiable vessel or fleet of vessels.

2. Plaintiff was injured because of the negligence of Defendant in the way the vessel(s) was/were manned, equipped, operated, and maintained, as described in the preceding paragraphs.

3. Plaintiff's injuries were caused/inflicted without any contributing fault or neglect on his part, and solely because of the negligence of Defendant, its agents, servants, employees, representatives, or others for whom Defendant is legally responsible.

4. The negligent acts and omissions of Defendant were and are a proximate cause of the injuries and damages made the basis of this lawsuit.

C. **UNSEAWORTHINESS OF THE M/V "F.M. BROWN" and M/V "LADY BECKY"**

1. Plaintiff would further show that, at all times material to this cause, the M/V "F.M. BROWN" and M/V "LADY BECKY" were "unseaworthy," as that term is understood under the General Maritime Law of the United States.

2. The unseaworthy condition of the vessels in question includes, but is not limited to, the quality and characteristics of the hatch covers of the two vessels and the entryway of the engine room of the M/V "F.M. BROWN," as described hereinabove.

3. These and other conditions existed on or with the vessels, creating unseaworthy conditions (i.e., rendering the vessels unsafe for their ordinary and intended purpose) which were [a] producing cause(s) of the injuries and damages made the basis of this lawsuit.

D. **"MAINTENANCE & CURE"**

As the Plaintiff was injured in the course and scope of his maritime employment by and for

4

the vessels in question and/or their owner, the General Maritime Law of these United States provides that the Plaintiff was and is entitled to receive "maintenance" and "cure" from the vessels and/or their owner.

## VI.
## DAMAGES

### A. GENERAL

1. By reason of the foregoing, Plaintiff has sustained painful and permanent injuries to his mind and body, said injuries being of such a nature and severity as to render him incapacitated from work.

2. As a result of these injuries, Plaintiff will be unable to engage in any future activity of his vocation which demands the full use of his mind and body.

3. As a result of the Defendant's conduct and/or the unseaworthiness of the vessels in question, as alleged, Plaintiff seeks to recover those damages provided by law, which include, but are not limited to, the reasonable and necessary medical expenses incurred by him to date; the reasonable and necessary medical expenses to be incurred by him in the future; physical pain and suffering that he has experienced in the past and will, in all reasonable probability, experience in the future; mental anguish that he has experienced in the past and will, in all reasonable probability, experience in the future; physical disfigurement; inconvenience; loss of earnings in the past; loss of wage earning capacity in the future; loss of physical capacity other than wage earning capacity; loss of life's enjoyments; and any and all other damages to which he may be entitled.

### B. "MAINTENANCE" & "CURE"

1. Under the General Maritime Law of these United States, Plaintiff was and is entitled to receive adequate and timely "maintenance" and "cure" from the vessels and/or their owner, and

he now asserts his right to receive said adequate and timely maintenance and cure.

2. Adequate maintenance has not been paid to Plaintiff.

3. Upon the facts of this case, Plaintiff asserts his right to adequate maintenance in the amount of Forty Dollars ($40.00) per day, to be paid until such time as Plaintiff has achieved "maximum cure" from the injuries made the basis of this lawsuit.

4. In addition, the vessels and/or their owner has/have failed and refused to provide adequate and timely "cure" in the manner required by the General Maritime Law of these United States. As a result of the vessels' and/or their owner's failure and refusal to pay adequate and timely cure benefits, Plaintiff has suffered great hardship, including, but not limited to, an exacerbation of the physical and mental injuries alleged herein.

5. This failure and refusal to provide adequate and timely maintenance and cure to Plaintiff was and is wilful, arbitrary and capricious in nature.

C. **ADDITIONAL DAMAGES, ATTORNEY'S FEES & EXPENSES**

Because of the vessels' and/or their owner's wilful, arbitrary and capricious failure and refusal to pay adequate and timely maintenance and cure, Plaintiff is required to proceed to Court on the issue of maintenance and cure and ask for additional damages, reasonable attorney's fees and expenses.

**VII.**
**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a TRIAL BY JURY, on all issues so triable.

**VIII.**
**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and

served upon Defendant in the form and manner prescribed by law, requiring Defendant to appear and answer herein, and that, upon final hearing hereon, Plaintiff have

1. Judgment against Defendant, for actual damages, including maintenance and cure;

2. Pre-judgment interest, at the legal rate;

3. Post-judgment interest, at the legal rate;

4. Costs of Court;

5. Costs of Suit; and

6. All such other and further relief to which Plaintiff may be justly entitled, including, without limitation, attorney's fees and expenses.

Respectfully submitted,

R. BLAKE BRUNKENHOEFER, P.C.
American Bank Plaza
711 N. Carancahua, Suite 1000
Corpus Christi, Texas 78475
Tel: (361) 888-6655
Fax: (361) 888-5855

R. Blake Brunkenhoefer
State Bar No. 00783729
Southern District of Texas No. 15559

7

## CERTIFICATE OF SERVICE

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the foregoing *Plaintiff's First Amended Original Complaint* was duly served, in the form and manner indicated below, upon

    Daniel D. Pipitone                       <u>C.M./R.R.R. #7099 3220 0001 4295 5202</u>
    PIPITONE & SEGER
    615 Upper N. Broadway, Suite 1770
    Corpus Christi, Texas 78477

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the 10th day of August, 2000.

                                                    R. Blake Brunkenhoefer

8

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD LESLIE "SAM" GALBREATH | § § § | |
| versus | § § | |
| PROMAR INC. *individually & d/b/a COASTAL PRODUCTION SERVICES* and *d/b/a PRODUCTION SERVICES GROUP*, PRODUCTION SYSTEMS, INC. *individually & d/b/a PRODUCTION SERVICES GROUP*, PROSAFE, INC. *individually & d/b/a PRODUCTION SERVICES GROUP*, and R.M.C. TECHNOLOGY CORPORATION, *individually & d/b/a PRODUCTION SERVICES GROUP* | § § § § § § § § § § § § | CIVIL ACTION NO. B-00-048<br><br>ADMIRALTY / JURY DEMANDED |

## ORDER OF THE COURT

ON THIS DAY came on to be considered Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint and the Court, having considered said Motion and the unopposed nature thereof, is of the opinion that Plaintiff's motion should in all respects be *GRANTED*.

IT IS THEREFORE ORDERED, ADJUDGED & DECREED that Plaintiff be permitted leave to file Plaintiff's First Amended Original Complaint.

SIGNED & ENTERED this _____ day of _____, 2000.

_____
HON. HILDA G. TAGLE
United States District Court,
Southern District of Texas,
Brownsville Division

5