THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 28 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DONALD LESLIE "SAM" GALBREATH | § § | |
| VS. | § § | C.A. NO. B-00-048 |
| PROMAR INC. INDIVIDUALLY & d/b/a COASTAL PRODUCTION SERVICES and d/b/a PRODUCTION SERVICES GROUP PRODUCTION SYSTEMS, INC. individually & d/b/a PRODUCTION SERVICES GROUP and R.M.C. TECHNOLOGY CORPORATION individually & d/b/a PRODUCTION SERVICES GROUP | § § § § § § § § § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Promar Inc. Individually & d/b/a Coastal Production Services and d/b/a Production Services Group, Production Systems, Inc. individually & d/b/a Production Services Group and R.M.C. Technology Corporation individually & d/b/a Production Services Group, the Defendants in the above-referenced and numbered cause, and respectfully file and submit this their Answer to the Plaintiff's Original Complaint and would respectfully show this Honorable Court as follows:

I.

The Defendants do not possess sufficient information to either admit or deny the allegations contained in Paragraph 1.A. of the Plaintiff's Original Complaint and, therefore, demand strict proof thereof. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph 1.B. of the Plaintiff's Original Complaint are admitted.

The allegations contained in Paragraph 1.C. of the Plaintiff's Original Complaint are admitted.

The allegations contained in Paragraph 1.D. of the Plaintiff's Original Complaint are admitted.

The allegations contained in Paragraph 1.E. of the Plaintiff's Original Complaint are admitted.

## II.

The allegations contained in Paragraph II.A. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph II.B. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph II.C. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph II.D. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph II.E. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the

aforementioned allegations are denied.

The allegations contained in Paragraph II.F. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

### III.

The Defendants do not possess sufficient information to either admit or deny the allegations contained in Paragraph III.A. of the Plaintiff's Original Complaint and, therefore, demand strict proof thereof. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph III.B. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

### IV.

The Defendants do not possess sufficient information to either admit or deny the allegations contained in Paragraph IV.A. of the Plaintiff's Original Complaint and, therefore, demand strict proof thereof. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph IV.B. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph IV.C. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph IV.D. of the Plaintiff's Original Complaint are denied.

## V.

The allegations contained in Paragraph V.A. of the Plaintiff's Original Complaint do not require a response. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph V.B.1. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph V.B.2. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph V.B.3. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph V.B.4. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph V.C.1. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph V.C.2. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph V.C.3. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph V.D. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

## VI.

The allegations contained in Paragraph VI.A.1. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.A.2. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.A.3. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.B.1. call for a legal conclusion and, therefore, the Defendants are not required to admit or deny. In the event that a response is required, however, the aforementioned allegations are denied.

The allegations contained in Paragraph VI.B.2. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.B.3. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.B.4. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.B.5. of the Plaintiff's Original Complaint are denied.

The allegations contained in Paragraph VI.C. of the Plaintiff's Original Complaint are denied.

## VII.

The allegations contained in Paragraph VII of the Plaintiff's Original Complaint do not require a response. In the event that a response is required, however, the aforementioned allegations

are admitted.

### VIII.

The allegations contained in Paragraph VIII of the Plaintiff's Original Complaint do not require a response. In the event that a response is required, however, the aforementioned allegations are denied.

## FIRST DEFENSE

### IX.

Pleading further and for a first, separate and complete defense and in the alternative, the Defendants allege and contend that the Plaintiff's Original Complaint fails to state a cause of action upon which any relief whatsoever may be granted.

## SECOND DEFENSE

### II.

Pleading further and for a second, separate and complete defense and in the alternative, the Defendants allege and contend that venue does not properly lie in the United States District Court, Southern District of Texas, Brownsville Division.

## THIRD DEFENSE

### III.

Pleading further and for a third, separate and complete defense and in the alternative, the Defendants allege and contend that the injuries and/or damages, if any, of which the Plaintiff complains were proximately caused or contributed to be caused, in whole or in part, by negligence attributable to the Plaintiff.

## FOURTH DEFENSE

### IV.

Pleading further and for a fourth, separate and complete defense and in the alternative, the Defendants allege and contend that the Plaintiff's injuries and/or damages, if any, were entirely and solely caused by the acts or omission of third persons for which the Defendants are not legally responsible.

**FIFTH DEFENSE**

V.

Pleading further and for a fifth, separate and complete defense and in the alternative, the Defendants allege and contend that the injuries and/or damages, if any, of which the Plaintiff complains, if any, were proximately caused or contributed to be caused, in whole or in part, by a superseding and/or intervening event other than that alleged by the Plaintiff.

**SIXTH DEFENSE**

VI.

Pleading further and for a sixth, separate and complete defense and in the alternative, the Defendant alleges and contends that the injuries and/or damages, if any, of which the Plaintiff complains were the result of an unavoidable accident.

**SEVENTH DEFENSE**

VIII.

Pleading further and for a seventh, separate and complete defense and in the alternative, the Defendants allege and contend that the injuries and/or damages, if any, of which the Plaintiff complains, if any, were the result of an Act of God.

**EIGHTH DEFENSE**

IX.

Pleading further and for an eighth, separate and complete defense and in the alternative, the

Defendants allege and contend that at or prior to the commencement of the voyage of the vessel in question, due diligence was exercised by the Defendants to make the M/V "F.M. BROWN" and/or the M/V "LADY BECK" in all respects seaworthy and to properly man, equip and supply them. The accident made the basis of the Plaintiff's cause and/or causes of action occurred without the privity or knowledge of the Defendants or the Defendants' managers at or prior to the commence of the voyage. The Defendants are, therefore, entitled to exoneration from any liability to the Plaintiff in accordance with the value of the M/V "F.M. BROWN" and/or the M/V "LADY BECK". including their pending freight, pursuant to 46 U.S.C. §§ 181 et seq.

## NINTH DEFENSE

X.

Pleading further and for a ninth, separate and complete defense and in the alternative, the Defendants allege and contend that the Plaintiff negligently failed and/or refused to engage in conduct of mitigation of the injuries and damages sustained by and occurring in the incident made the basis of this litigation.

## TENTH DEFENSE

XI.

Pleading further and for a tenth, separate and complete defense and in the alternative, the Defendants allege and contend that if the Plaintiff is a seaman and, therefore, within the class of persons to which the Doctrine of Maintenance and Cure applies, it is the Plaintiff's obligation to furnish to the Defendants sufficient information so that a determination of the Plaintiff's entitlement to maintenance and cure may be properly and expeditiously made. The Plaintiff has wholly and totally failed to furnish to the Defendants sufficient medical reports or other information substantiating his rights, if any, to maintenance and cure in order to allow such a determination of

Galbreath\Pleadings\Answer -8-

entitlement.

## ELEVENTH DEFENSE

### XII.

Pleading further and for an eleventh, separate and complete defense and in the alternative, the Defendants allege and contend that they are entitled to a credit and/or an offset for any and all payments of maintenance and cure benefits received or which may hereafter be received by the Plaintiff. A proportionate reduction of damages is alternatively sought by these Defendants.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request that this Honorable Court allow the Plaintiff to recover nothing by his suit and that the Defendants recover their costs and such other and further relief to which they may show themselves justly entitled to receive either at law or in equity.

Respectfully submitted,

PIPITONE & SEGER, P.C.
615 Upper North Broadway
M/T 89, Suite 1770
Corpus Christi, Texas 78477
(512) 884-4200
(512) 884-7444 (FAX)

By: _Daniel Pipitone by RBW with permission_
Daniel D. Pipitone, Attorney in Charge
Federal Bar No. 0294
State Bar No. 16024600

ATTORNEYS FOR THE DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned attorney, as attorney of record for the Defendants, certifies that a true and correct copy of the attached document has been served upon the following by the method of service indicated on this the 26 day of April, 2000.

_____
Daniel D. Pipitone

**VIA CERTIFIED MAIL;
RETURN RECEIPT REQUESTED:**

Mr. R. Blake Brunkenhoefer
R. BLAKE BRUNKENHOEFER, P.C.
American Bank Plaza
711 N. Carancahua, Suite 1000
Corpus Christi, Texas 78475
**CMRRR # Z 407 759 188**