UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
AUG 1 0 2000
Michael N. Milby
Clerk of Court

| | |
|---|---|
| DONALD LESLIE "SAM" GALBREATH § | |
| § | |
| versus § | |
| § | |
| PROMAR INC. *individually & d/b/a* § | |
| *COASTAL PRODUCTION SERVICES* and § | CIVIL ACTION NO. B-00-048 |
| *d/b/a PRODUCTION SERVICES GROUP,* § | |
| PRODUCTION SYSTEMS, INC. § | ADMIRALTY / JURY DEMANDED |
| *individually & d/b/a PRODUCTION* § | |
| *SERVICES GROUP,* PROSAFE, INC. § | |
| *individually & d/b/a PRODUCTION* § | |
| *SERVICES GROUP,* and R.M.C. § | |
| TECHNOLOGY CORPORATION, § | |
| *individually & d/b/a PRODUCTION* § | |
| *SERVICES GROUP* § | |

## JOINT REPORT OF RULE 26(f) CONFERENCE
## & JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Parties and file this their Joint Report of Discovery Conference, held pursuant to Fed. R. Civ. P. 26(f), and Joint Discovery/Case Management Plan, as commanded by this Honorable Court:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   On August 7, 2000, the Rule 26 meeting was held between R. Blake Brunkenhoefer (for Plaintiff) and Daniel D. Pipitone (for Defendants), via telephone conference.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

1

None.

3. **Specify the allegation of federal jurisdiction.**

   **(a)** Art. III, §2 of the United States Constitution (i.e., "all cases of admiralty and maritime jurisdiction");

   **(b)** 28 U.S.C. §1331 (i.e., "all civil actions arising under the Constitution, laws");

   **(c)** 28 U.S.C. §1333(1) (i.e., "any civil case of admiralty or maritime jurisdiction");

   **(d)** 28 U.S.C. §1916 (action by seaman, without pre-payment of costs, under the Judicial Code);

   **(e)** 46 U.S.C. §688, *et seq.* (a.k.a., the "Jones Act");

   **(f)** 28 U.S.C. §1367 ("supplemental jurisdiction"). See also, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir.1990).

4. **Name the parties who disagree and the reasons.**

   All Parties agree that this Court has jurisdiction of this cause.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   No additional parties are anticipated at this time.

6. **List anticipated interventions.**

   None known at this time.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

2

The Parties have agreed to exchange initial disclosures on or before September 1, 2000.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all matters raised in Rule 26(f).**

   The Parties have agreed to exchange initial disclosures on or before September 1, 2000.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff shall serve Defendants with his Interrogatories and First Requests for Production on or before September 1, 2000.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendants served Plaintiff with their Interrogatories, Requests for Production, and Requests for Admissions of Fact with Corresponding and Supplementing Interrogatories and Requests for Production on or about May 22, 2000.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking the following depositions on or before February 28, 2001.

   (1) Past and present members of the crew(s) of the M/V LADY BECKY and M/V F.M. BROWN;

   (2) Designated representatives of Defendants;

   (3) All current and/or former medical/healthcare providers of the Plaintiff;

   (4) Plaintiff's "liability" and "damage" experts;

   (5) All experts designated by Defendants, whether addressing "liability" or "damages"; and,

   (6) Any other person(s) whom subsequent discovery discloses as having knowledge of facts relevant to the proper disposition of this case, including but not limited to those individuals with knowledge of the subject repairs and sandblasting of the vessel in question.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the following depositions on or before February 28, 2001.

(1)     Plaintiff;

(2)     Plaintiff's wife;

(3)     All current and/or former medical/healthcare providers of the Plaintiff;

(4)     Defendants' "liability" and "damage" experts;

(5)     All experts designated by Plaintiff, whether addressing "liability" or "damages"; and,

(6)     Any other person(s) whom subsequent discovery discloses as having knowledge of facts relevant to the proper disposition of this case, including but not limited to those individuals with knowledge of the subject repairs and sandblasting of the vessel in question.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The Parties will be able to designate experts on or before December 31, 2000.

The Parties will be able to designate responsive experts on or before January 31, 2001.

The Parties have agreed to provide the reports required by Rule 26(a)(2)(B) at the time of the designation of each expert for whom a report is required.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

At present, Defendants have not designated any experts at this time, and, thus Plaintiff

4

cannot specifically identify those experts to be deposed. Any such expert depositions shall be concluded prior to February 28, 2001.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

At present, Plaintiff has not designated any experts at this time, and, thus Defendants cannot specifically identify those experts to be deposed. Any such expert depositions shall be concluded prior to February 28, 2001.

**10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**11.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

Defendants served Plaintiff with their Interrogatories, Requests for Production, and Requests for Admissions of Fact with Corresponding and Supplementing Interrogatories and Requests for Production on or about May 22, 2000. Plaintiff then submitted his answers, responses and objections to Defendant on July 7, 2000.

**12.   State the date the planned discovery can reasonably be completed.**

February 28, 2001.

**13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties believe that the possibilities for prompt settlement or resolution are "fair" at this time, i.e., they are willing to discuss the settlement of this case, but they believe such discussion shall prove more fruitful as discovery proceeds.

**14.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

5

The Parties have participated in no settlement negotiations to date, but they have indicated their willingness to discuss settlement of this cause as and when such is indicated by the discovery conducted and the evidence gathered. To the extent such may be necessary, the Parties have agreed to participate in a mediated settlement conference, after discovery has been completed.

**15.   From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Mediation, after discovery has been completed.

**16.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

All parties do not consent.

**17.   State whether a jury demand has been made and if it was made on time.**

A jury has been timely demanded by Plaintiff.

**18.   Specify the number of hours it will take to present the evidence in this case.**

Anticipating the results of as-yet-"unconducted" discovery in this cause, the Parties believe it will take approximately 24 hours to present evidence herein.

**19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Amended Original Complaint.

**20.   List other motions pending.**

None.

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the**

special attention of the court at the conference.

None.

22.   List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| R. Blake Brunkenhoefer | Daniel D. Pipitone |
| Texas State Bar No. 00783739 | Texas State Bar No. 16024600 |
| So. Dist. of Texas Bar No. 15559 | So. Dist. of Texas Bar No. 0294 |
| R. BLAKE BRUNKENHOEFER, P.C. | PIPITONE & SEGER, P.C. |
| American Bank Plaza | 615 Upper N. Broadway |
| 711 N. Carancahua, Suite 1000 | MT/89, Suite 1770 |
| Corpus Christi, Texas 78475 | Corpus Christi, Texas 78477 |
| Tel:   (361) 888-6655 | Tel:   (361) 884-4200 |
| Fax:   (361) 888-5855 | Fax:   (361) 884-7444 |

\* \* \*

Respectfully submitted,

| | |
|---|---|
| R. BLAKE BRUNKENHOEFER, P.C. | PIPITONE & SEGER, P.C. |
| American Bank Plaza | 615 Upper N. Broadway |
| 711 N. Carancahua, Suite 1000 | MT/89, Suite 1770 |
| Corpus Christi, Texas 78475 | Corpus Christi, Texas 78477 |
| Tel:   (361) 888-6655 | Tel:   (361) 884-4200 |
| Fax:   (361) 888-5855 | Fax:   (361) 884-7444 |
| _/s/ R. Blake Brunkenhoefer_ | _/s/ Daniel D. Pipitone_ |
| R. Blake Brunkenhoefer | Daniel D. Pipitone |
| Texas State Bar No. 00783739 | Texas State Bar No. 16024600 |
| So. Dist. of Texas Bar No. 15559 | So. Dist. of Texas Bar No. 0294 |

7

ClibPDF - www.fastio.com