United States District Court
Southern District of Texas
FILED

APR 2 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD LESLIE "SAM" GALBREATH | § | |
| | § | CIVIL ACTION NO. B-00-048 |
| *versus* | § | |
| | § | ADMIRALTY / JURY DEMANDED |
| PROMAR INC., *Individually & d/b/a* | § | |
| COASTAL PRODUCTION SERVICES | § | |

## FIRST AMENDED JOINT REQUEST FOR EXPEDITED STATUS CONFERENCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME DONALD LESLIE "SAM" GALBREATH and PROMAR, INC. *Individually and d/b/a COASTAL PRODUCTION SERVICES*, appearing by and through their attorneys-in-charge, and, in response to the Court's April 19, 2001 Order seeking clarification of the grounds for the requested relief, the Parties respectfully request the scheduling of a Status Conference for the purpose of discussing outstanding discovery issues, to wit:

1.  Before incurring the substantial expenses associated with formal discovery, retaining experts, attending inspections of the vessels, etc., the Parties made a concerted effort to learn about and evaluate this case. [The hope has always been, and continues to be, that the case would be resolved without the Court conducting a trial if only the issues could be known and the damages quantified.]

    a.  As Plaintiff received substantial treatment as a result of the shoulder/neck injuries made the basis of this lawsuit, and as the relevant treatment was rendered by a host of providers over a long period of time, the Parties were unable to learn the nature and full

1

extent of Plaintiff's injuries until recently.

**b.** Once the Plaintiff's medical history was known, the "quantification" of Plaintiff's medical damages was delayed by the nature of the case itself. More specifically, this is a maritime case involving injury to a seaman in the course of his employment. As a result, and without regard to who or what was at fault for the injury, Plaintiff was and is entitled to receive "cure" benefits under the general maritime law. At the outset, Defendant paid some of the cure expenses (medical bills), but not all providers were paid and some "paid" charges were only partially satisfied. After the institution of litigation, Defendant expressed an interest in satisfying all outstanding "cure" expenses, but many of the bills had been satisfied by Plaintiff or his health insurance, and still others had been paid by the health insurer for Plaintiff's wife. The attorneys for the Parties and their respective assistants embarked on a long and tortuous review of Plaintiff's medical treatment, the Plaintiff's medical bills, the records of Defendant's claims representative, the records of Plaintiff's health insurer, and the records of Plaintiff's wife's health insurer. Even with a diligent effort, it took months to figure it all out, at which time Defendant started issuing reimbursements for the purpose of satisfying its cure obligations.

**c.** Though the Parties delayed discovery and the hiring of experts for the purpose of trying to settle this case early in the litigation process, the Court's denial of the Parties' Motion for Continuance prompted the Parties to forego settlement negotiations so that they could designate experts and start discovery in compliance with the Court's demand that the case proceed to trial on June 4, 2001.

**d.** The Parties and their attorneys respect this Court and its authority, and they have worked hard to assure the Court that they are trying to comply with the Court's Orders. The

2

Parties hired experts; they conducted an inspection of the M/V LADY BECKY at Port Aransas, Texas; they traveled to and conducted an inspection of the M/V F.M. BROWN in Venice, Louisiana; they paid to obtain all the records in admissible form (i.e., Depositions Upon Written Questions); they exchanged and supplemented written discovery; they exchanged and supplemented their disclosures; they conducted the depositions of the Plaintiff and his wife; and they are scheduled to depose Plaintiff's treating physician (Dr. Breckenridge) on April 30, 2001. [NOTE: Dr. Breckenridge's deposition was scheduled earlier, but a surgical emergency prompted the cancellation of his deposition and the Parties have agreed that his deposition is timely taken.]

2. The Court has twice denied the Parties' Joint Motion for Continuance. In lieu of the requested continuance, the Parties seek the opportunity to speak with the Court regarding the following discovery matters:

    **a.** Plaintiff needs to depose the following fact witnesses: Capt. J.R. Reeves, Capt. Tommy Shields, "Ronnie" (another captain identified by Plaintiff in his deposition), and "Stash" Taylor. Plaintiff also needs to depose Defendant's liability expert. Defendant's attorney would like to afford Plaintiff the opportunity to do so, but Defendant's attorney fears prejudicing his client's case by allowing these late depositions.

    **b.** Defendant needs to depose Plaintiff's vocational expert, Plaintiff's economist, and Plaintiff's liability expert. Plaintiff's attorney would like to afford Defendant the opportunity to do so, but Plaintiff's attorney fears prejudicing his client's case by allowing these late depositions.

    **c.** In addition, Defendant has recently filed an opposed Motion for Consolidation. If the Court deems consolidation to be appropriate, there will be a need for some measure of

additional discovery relative to detailing the issues made the basis of the Plaintiff's second ("hernia") lawsuit against Defendant.

3. The nature and amount of any additional discovery should be openly discussed with the Court so that the proper balance can be struck between the Parties' need for full and fair discovery and the Court's interest in the fair but efficient administration of its docket.

4. As the matters in issue may require reference to documentary and/or photographic evidence, the Parties request that they be allowed to appear in person and not by telephone.

5. In addition, Defendant has requested an oral hearing of the issues raised within its Motion for Consolidation. Counsel for both Parties respectfully suggest that all outstanding discovery issues could be heard and resolved at the time of the Court's hearing of the Motion for Consolidation.

6. As the trial of this cause is currently scheduled to begin on June 4, 2001, the Parties humbly request that the Status Conference be scheduled for the soonest possible date and, to this end, the Parties waive any rights they may have with respect to extended notice of the scheduled hearing.

Respectfully submitted,

| | |
|---|---|
| R. BLAKE BRUNKENHOEFER, P.C. | PIPITONE, SEGER & WATERHOUSE, P.C. |
| American Bank Plaza | 615 Upper N. Broadway |
| 711 N. Carancahua, Suite 1000 | MT/89, Suite 1770 |
| Corpus Christi, Texas 78475 | Corpus Christi, Texas 78477 |
| Tel: (361) 888-6655 | Tel: (361) 884-4200 |
| Fax: (361) 888-5855 | Fax: (361) 884-7444 |
| | |
| R. Blake Brunkenhoefer | Richard B. Waterhouse, Jr. |
| Texas State Bar No. 00783739 | Texas State Bar No. 00788624 |
| So. Dist. of Texas Bar No. 15559 | So. Dist. of Texas Bar No. 17995 |

4

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DONALD LESLIE "SAM" GALBREATH | § | |
| | § | CIVIL ACTION NO. B-00-048 |
| *versus* | § | |
| | § | ADMIRALTY / JURY DEMANDED |
| PROMAR INC., *Individually & d/b/a* | § | |
| *COASTAL PRODUCTION SERVICES* | § | |

## ORDER OF THE COURT

____ A Status Conference is scheduled in the above-referenced cause, for the time and place indicated below:

DATE: _____

TIME: _____

LOCATION: _____

*or*

____ The Parties' First Amended Joint Request for Expedited Status Conference is DENIED.

\* \* \*

SIGNED & ENTERED this _____ day of _____, 2001.

_____
HON. HILDA G. TAGLE
United States District Court,
Southern District of Texas,
Brownsville Division

5