United States District Court
Southern District of Texas
FILED

MAY 1 1 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DONALD LESLIE "SAM" GALBREATH § | |
| § | CIVIL ACTION NO. B-00-048 |
| *versus* § | |
| § | ADMIRALTY / JURY DEMANDED |
| PROMAR INC., *Individually & d/b/a* § | |
| COASTAL PRODUCTION SERVICES § | |

## PLAINTIFF'S DESIGNATION OF EXPERTS & NOTICE OF SUBMISSION OF EXPERT REPORTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DONALD LESLIE "SAM" GALBREATH, "Plaintiff" herein, and makes and files this his Designation of Expert Witnesses & Notice of Submission of Expert Reports pursuant to this Court's Scheduling Order, the Parties' Joint Discovery & Case Management Plan, and the Federal Rules of Civil Procedure.

I.

Upon the trial of this cause, Plaintiff may or might call upon the following individuals to render such expert opinions as may fall within their education, training, and/or experience:

**A.   *MEDICAL:***

The following health care practitioners and health care providers may be called as expert witnesses upon the trial of this matter. Each may testify as to the diagnosis, treatment, prognosis, effects, and results regarding the injuries suffered by Plaintiff made the basis of this lawsuit. Additionally, each may testify as to the necessity and reasonableness of the expenses incurred as a result of the injuries to Plaintiff, and the necessity and reasonableness of the treatment of such

1

injuries resulting from the occurrence in question. All are available for deposition to fully set forth their opinions at a time and date mutually convenient to all parties. Such experts may, in their trial testimony, rely upon depositions, all exhibits or attachments thereto, and any and all other information obtained in discovery taken and/or received (i) before the discovery deadline, (ii) within 30 days of trial, and/or (iii) *after* such discovery deadline and/or 30 days before trial. If new information changes the opinion(s) of the expert, Plaintiff agrees to make the expert available to Defendant, at a place and time mutually convenient to the parties, so that Defendant may re-depose the expert on the change(s) in his/her opinion(s).

To the extent such experts have provided written renditions of their opinions, conclusions, and the factual bases thereof, such have been produced in the course of discovery conducted in this cause and/or are provided herein.

(1) John C. Longacre, D.O.
(2) Custodian(s) of medical records, billing and/or x-rays for
JOHN C. LONGACRE, D.O.
1401 W. Wheeler Avenue
Aransas Pass, Texas 78336
(361) 758-1939

(3) William Aaron Tucker, D.O.
(4) Custodian(s) of medical records, billing and/or x-rays for
ATLAS ORTHOPEDICS & SPINE CENTER
619 Railroad
Portland, Texas 78374
(362) 643-2287

(5) Charles W. Breckenridge, M.D.
(6) John P. Masciale, M.D.
(7) Edwin Melendez, M.D.
(8) Custodian(s) of medical records, billing and/or x-rays for
ORTHOPEDIC ASSOCIATES OF CORPUS CHRISTI
601 Texan Trail, Suite 300
Corpus Christi, Texas 78411
(361) 854-0241

2

(9)   David A. McFarling, M.D.
(10)  Custodian(s) of medical records, billing and/or x-rays for
      THE NEUROLOGICAL CLINIC
      3006 S. Alameda
      Corpus Christi, Texas 78404
      (361) 883-1731

(11)  Jose de Jesus Trevino, M.D.
(12)  Custodian(s) of medical records, billing and/or x-rays for
      JOSE DE JESUS TREVINO, M.D.
      613 Elizabeth Street, Suite 805
      Corpus Christi, Texas 78404
      (361) 883-1744

(13)  Pat Marshio, D.O.
(14)  Custodian(s) of medical records, billing and/or x-rays for
      PAT MARSHIO, C.O.
      423 W. Cleveland, Suite 3
      Aransas Pass, Texas 78336
      (361) 758-1585

(15)  Custodian(s) of medical records, billing and/or x-rays for
      COLUMBIA NORTH BAY HOSPITAL
      1711 W. Wheeler
      Aransas Pass, Texas 78336
      (361) 758-1414

(16)  Custodian(s) of medical records, billing and/or x-rays for
      COLUMBIA DOCTORS REGIONAL MEDICAL CENTER
      3315 S. Alameda Street
      Corpus Christi, Texas 78411
      (361) 857-11400

(17)  Custodian(s) of medical records, billing and/or x-rays for
      CORPUS CHRISTI BAY AREA SURGERY
      7101 South Padre Island Drive
      Corpus Christi, Texas 78412
      (361) 985-3500

(18)  Custodian(s) of medical records, billing and/or x-rays for
      COLUMBIA BAY AREA MEDICAL CENTER
      7101 South Padre Island Drive
      Corpus Christi, Texas 78412
      (361) 985-1200

3

(19) Bill Berry, *Surgical Asst.*
(20) Custodian(s) of medical records, billing and/or x-rays for
CORPUS CHRISTI OUTPATIENT SURGERY
3636 S. Alameda, Suite A
Corpus Christi, Texas 78411
(361) 853-1206 or 853-2200

(21) Custodian(s) of medical records, billing and/or x-rays for
RADIOLOGY ASSOCIATES
2481 Morgan Avenue
P.O. Box 5608
Corpus Christi, Texas 78465-5608
(361) 883-7555

(22) A.J. Ramos, M.D.
(23) Custodian(s) of medical records, billing and/or x-rays for
CORPUS CHRISTI RADIOLOGY CENTER
3554 South Alameda
Corpus Christi, Texas 78411
(361) 855-5382

(24) Custodian(s) of medical records, billing and/or x-rays for
MEDICAL IMAGING & DIAGNOSTIC ASSOC.
MT9, 615 N. Upper Broadway
Corpus Christi, Texas 78477-0301
(361) 906-0969

(25) Custodian(s) of medical records, billing and/or x-rays for
THE HEART CLINIC OF CORPUS CHRISTI
613 Elizabeth Street, Suite 502
Corpus Christi, Texas 78404
(361) 883-3962

(26) Custodian(s) of medical records, billing and/or x-rays for
THE ANESTHESIA GROUP
P.O. Box 60141
Corpus Christi, Texas 78466-0141
(361) 985-1221

(27) Kwang Su Lee, M.D.
(28) Custodian(s) of medical records, billing and/or x-rays for
KWANG SU LEE, M.D.
2641 Swantner Dr.
Corpus Christi, Texas 78404-2832
(361) 854-8637

4

(29) Custodian(s) of medical records, billing and/or x-rays for
NEW MILLENNIUM ANESTHESIA
P.O. Box 643
Portland, Texas 78374
(361) 643-9001

(30) Custodian(s) of medical records, billing and/or x-rays for
AIM PHYSICAL THERAPY
1901 Bay Ave.
Rockport, Texas 78382
(361) 729-1916

(31) Scott A. Humpal
(32) Custodian(s) of medical records, billing and/or x-rays for
HUMPAL PHYSICAL THERAPY & SPORTS MEDICINE
2150 W. Wheeler
Aransas Pass, Texas 78336
(361) 758-5199

(33) Custodian(s) of medical records, billing and/or x-rays for
ECKERD DRUGS #2117
1627 Wildcat Drive
Portland, Texas 78374
(361) 643-1552

(34) Custodian(s) of medical records, billing and/or x-rays for
THE MEDICINE SHOPPE
541 W. Cleveland Blvd.
Aransas Pass, Texas 78336
(361) 758-5355

(35) Frank A. Luckay, M.D.
(36) Custodian(s) of medical records, billing and/or x-rays for
DISABILITY EVALUATING CENTER OF TEXAS, INC.
3302 S. Alameda
Corpus Christi, Texas 78411
(361) 857-6157

(37) All healthcare providers who have provided medical goods or services to Plaintiff as a result of the incident(s) in question, whether or not identified hereinabove.

(38) All custodian(s) of records, x-rays and/or billing for each and every health care provider

and/or treating physician who has provided medical goods or services to Plaintiff as a result of the incident in question, e.g., hospitals, emergency services, radiology services, pharmacies, etc., whether or not identified hereinabove.

(39) Any and all experts designated by any party hereto, which are relevant to the diagnosis and/or treatment of the injuries and conditions made the basis of this lawsuit and which have not been otherwise identified, as well as all custodian(s) of records and/or billing for same.

**B.** *NON-MEDICAL:*

The following individuals may be called as expert witnesses upon the trial of this matter. Such experts may, in their trial testimony, rely upon depositions, all exhibits or attachments thereto, and any and all other information obtained in discovery taken and/or received (i) before the discovery deadline, (ii) within 30 days of trial, and/or (iii) *after* such discovery deadline and/or 30 days before trial.

To the extent such experts have provided written renditions of their opinions, conclusions, and the factual bases thereof, such have been produced in response to written discovery conducted in this cause and/or are provided herein.

(1)    R. Blake Brunkenhoefer
R. BLAKE BRUNKENHOEFER, P.C.
American Bank Plaza
711 N. Carancahua, Ste. 1000
Corpus Christi, TX 78475
(361) 888-6655
* Attorney's fees, legal services, privilege and attorney work product for Plaintiff.

(2)    Richard B. Waterhouse, Jr.
(3)    Daniel D. Pipitone
PIPITONE, SEGER & WATERHOUSE
615 Upper N. Broadway, Suite 1770
Corpus Christi, Texas 78477
(361) 884-4200
* Attorney's fees, legal services, privilege and attorney work product for Defendant.

6

(4)     C. A. Haynes
c/o COASTAL PRODUCTION SERVICES
P.O. Box 1927
Rockport, Texas 78381-1927
(361) 729-4358
*General Manager, Production Services Group Employee Health & Welfare Benefits Plan; witness to events made the basis of this lawsuit; condition, operation and maintenance of M/V "F M BROWN" and M/V "LADY BECKY"; maintenance & cure issues*

(5)     Carl Stubbs
(6)     J.R. Reeves
(7)     Tommy Shields
(8)     "Ronnie" (another boat capt.)
(9)     "Stash" Taylor
(10)    All members of the crew(s) of the M/V F.M. BROWN and M/V LADY BECKY since January 1, 1997
c/o COASTAL PRODUCTION SERVICES
P.O. Box 1927
Rockport, Texas 78381-1927
(361) 729-4358
*Co-workers and witnesses to conditions, events and/or injuries in question.*

(11)     Billy Pearson
1502 Kenwood Dr.
Aransas Pass, Texas 78336
(361)
*Co-worker and witness to conditions, events and/or injuries in question.*

\* (3-11) *Industry, governmental, and/or in-house policies and procedures, including but not limited to those concerning workplace safety; inspection, maintenance and repair of vessels; vessel operations; accident investigation/reporting; and all such other matters which fall within their education, training and/or experience.*

(12)     All persons who have factual and/or expert knowledge concerning, in whole or in part, the events in question, the investigation(s) of the events in question, relevant governmental and/or industry standards/regulations, relevant governmental and/or industry practices, the policies and procedures of their respective employer(s)/agenc(ies) and/or the policies and procedures of others within, associated with or governing the relevant industry.

(13)     Richard L. Frenzel
INDEPENDENT MARITIME

CONSULTING (GULF) LTD.
1560 West Bay Area Blvd., Suite 270
Friendswood, Texas 77546
(281) 480-4260

* Plaintiff's liability expert. After reviewing all depositions, all exhibits/attachments thereto, and any and all other information obtained in discovery taken and/or received (i) before the discovery deadline, (ii) within 30 days of trial, and/or (iii) *after* such discovery deadline and/or 30 days before trial, Mr. Frenzel will testify in accordance with the available evidence as such relates to Defendant's negligence and the unseaworthiness of the subject vessel. See Mr. Frenzel's CV for his qualifications. In addition, his report and/or deposition testimony are incorporated herein by reference for more specific information on his expert opinions, mental impressions, and the factual bases thereof. As discovery is ongoing, Plaintiff and his experts reserve the right to supplement changes and/or modifications of these opinions. Defendant is invited to depose said expert, at a place and time mutually convenient to the parties.

(14) Joseph Catenazzo
(15) Custodian of records for
 TEXAS REHABILITATION COMMISSION
 4410 Dillon Lane, Suite 44
 Corpus Christi, Texas 78405
 (361) 854-1475 or 878-1200

* Vocational testing, counseling and assessment; vocational considerations as relates to Plaintiff's damage; such other matters as may fall within the witness' education, training and/or experience.

(16) Donna Johnson, M.Ed., C.R.C., L.P.C.
 801 Lipan
 Corpus Christi, Texas 78401
 (361) 883-7384

* Plaintiff's vocational expert. After reviewing all depositions, all exhibits/attachments

8

thereto, and any and all other information obtained in discovery taken and/or received (i) before the discovery deadline, (ii) within 30 days of trial, and/or (iii) *after* such discovery deadline and/or 30 days before trial, Ms. Johnson will testify in accordance with the available evidence as such relates to Plaintiff's past and future vocational damages. See Ms. Johnson's CV for her qualifications. In addition, her report and/or deposition testimony are incorporated herein by reference for more specific information on her expert opinions, mental impressions, and the factual bases thereof. As discovery is ongoing, Plaintiff and his experts reserve the right to supplement changes and/or modifications of these opinions. Defendant is invited to depose said expert, at a place and time mutually convenient to the parties.

(17)   Stephen M. Horner, Ph.D.
       Mercantile Bank Tower, Suite 1600
       Corpus Christi, TX 78477
       (361) 883-1686

\* Plaintiff's economist. After reviewing all depositions, all exhibits/attachments thereto, and any and all other information obtained in discovery taken and/or received (i) before the discovery deadline, (ii) within 30 days of trial, and/or (iii) *after* such discovery deadline and/or 30 days before trial, Dr. Horner will testify in accordance with the available evidence as such relates to Plaintiff's past and future economic damages. See Dr. Horner's CV for his qualifications. In addition, his report and/or deposition testimony are incorporated herein by reference for more specific information on his expert opinions, mental impressions, and the factual bases thereof. As discovery is ongoing, Plaintiff and his experts reserve the right to supplement changes and/or modifications of these opinions. Defendant is invited to depose said expert, at a place and time mutually convenient to the parties.

(18)   All experts designated by Defendant, whether addressing liability or damages.

9

## II.

Plaintiff reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by other parties to this suit. Plaintiff expresses his intention to possibly call, as witnesses associated with adverse parties, any of Defendant's experts.

## III.

Plaintiff reserves the right to call undesignated, rebuttal, expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Plaintiff and his case.

## IV.

Plaintiff reserves the right to withdraw the designation of any expert to aver positively that any such previously designated expert will not be called as a witness at trial, and to redesignate same as a consulting expert, who cannot be called by opposing counsel.

## V.

Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not be violative of any existing Court Order, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

## VI.

With respect to persons identified in the course of discovery as "persons with knowledge of relevant facts" (i.e., whether so identified by Plaintiffs or any other part(ies) herein), Plaintiff specifically reserves the right to elicit such "expert" testimony as may fall within these witnesses' education, training and/or experience, regardless of the fact that such witnesses are presently expected to testify regarding merely factual matters related to the incident in question and have not

10

been formally retained by Plaintiff.

**VII.**

Plaintiff hereby designates, as adverse parties, potentially adverse parties, and/or as witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to this suit at the time of trial. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call any designated expert, Plaintiff reserves the right to designate and/or call any such party or any such experts previously designated by any party.

**VIII.**

Plaintiff reserves the right to amend and/or supplement his Designation of Expert Witnesses within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court Order and/or by agreement of the Parties pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

**IX.
REPORTS SUBMITTED**

With respect to the above-referenced experts, and in conformity with the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B), the Plaintiff now submits the following reports to Defendant (without filing same with the Honorable District Court):

1. DONNA JOHNSON re: vocational considerations
2. STEPHEN HORNER, Ph.D. re: Plaintiff's economic damages

**X.**

In addition, Plaintiff incorporates by reference all factual findings and opinions, and any reports thereof, to the extent that such factual findings and/or opinions would form, in whole or in

11

part, the testimony of any expert to which Fed. R. Civ. P. 26(a)(2)(B) does not apply (i.e., "non-retained" experts providing expert opinions).

                              Respectfully submitted,

                              R. BLAKE BRUNKENHOEFER, P.C.
                              American Bank Plaza
                              711 N. Carancahua, Suite 1000
                              Corpus Christi, Texas 78475
                              Tel:   (361) 888-6655
                              Fax:  (361) 888-5855

                              _____
                              R. Blake Brunkenhoefer
                              State Bar No. 00783739
                              Fed. I.D. No. 15559

12

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing PLAINTIFF'S DESIGNATION OF EXPERTS & NOTICE OF SUBMISSION OF EXPERT REPORTS was served, in the manner indicated, upon

| | |
|---|---|
| Richard B. Waterhouse, Jr.<br>PIPITONE, SEGER & WATERHOUSE<br>615 Upper N. Broadway, Suite 1770<br>Corpus Christi, Texas 78477 | **C.M./R.R.R. #7000 1530 0004 2490 3804** |

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the 10th day of May, 2001.

_____
R. Blake Brunkenhoefer

13